2007 ME 88

**STATE of Maine**

v.

**Frederick B. FELCH.**

Supreme Judicial Court of Maine.

Submitted On Briefs: May 2, 2007.

Decided: July 12, 2007.

Neal T. Adams, District Attorney, Suzanne N. Russell, Asst. Dist. Atty., Houlton, for State.

Richard L. Rhoda, Houlton, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

MEAD, J.

[¶ 1] Frederick B. Felch appeals from a judgment of the District Court (Houlton, *O'Mara, J.*) denying his motions to dismiss two charges of violation of condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2006). Felch argues that the charges should have been dismissed because they were predicated upon bail bonds that he contends are unconstitutional. We affirm the convictions concluding that Felch failed to preserve his arguments by objection or appeal.

## I. BACKGROUND

[¶ 2] Felch was charged in November 2005 with one count of a violation of protection from abuse order and one count of unlawful possession of scheduled drugs. A bail commissioner set Felch's bail at $250 and checked, as a condition of his bail, the portion of the bond containing the following standard language: "I will not possess or use any alcoholic beverages or illegal drugs and I will submit to chemical tests and searches of my person, vehicle and residence at any time and without probable cause to determine if I have violated this prohibition." Felch was released on

bail after signing the bail bond and posting the required funds.

[¶ 3] In March 2006, an acquaintance of Felch's asked a law enforcement officer to accompany her to Felch's home to retrieve some of her personal property. Upon arriving at Felch's house, the officer immediately smelled alcohol upon Felch's breath and conducted a search of the premises pursuant to the bail condition. The officer located various alcoholic beverages within the residence and upon Felch's person, and arrested him on a charge of violation of condition of release (Class E), 15 M.R.S. § 1092(1)(A).[1]

[¶ 4] During his initial appearance on the charge of violation of condition of release, the court appointed the same attorney to represent Felch who had represented him on the previous charges. The court set bail, apparently without the presence of counsel, in the amount of $2500 with the identical prohibition against the use of alcohol or drugs. In addition, as a condition of his bail Felch consented to "chemical tests and searches of my person, vehicle and residence at any time and without probable cause." The court reviewed with Felch the nature of the conditions and informed him that the order could be reviewed de novo by the Superior Court. In response, Felch assured the court that he understood the particulars of the conditions and signed the new bond.

[¶ 5] In late March 2006, law enforcement officials again entered Felch's home, this time in response to a complaint regarding harassing telephone calls. While inside, they observed alcoholic beverages and arrested Felch on a second charge of violation of condition of release. At the initial appearance on this second violation of condition charge, the court set bail at $2000 with the now familiar conditions prohibiting the use or possession of intoxicants and consenting to search and testing. Felch was represented by counsel, who stated that the bail terms were acceptable.[2]

[¶ 6] By then, Felch had filed a motion to dismiss the first charge of violation of condition of release contending that the first bail bond was issued in an unconstitutional manner. The trial court denied the motion, apparently without reaching the merits,[3] holding that Felch's remedies were to seek a new bail bond or to appeal to the Superior Court. After Felch stipulated having used or possessed alcohol, he was found guilty of the second charge of violating a condition of release.

[¶ 7] Felch's lawyer filed a similar motion to dismiss the second charge of violation of condition of release, which the trial court summarily dismissed citing the "same reason" as the earlier motion. This appeal followed.

## II. DISCUSSION

[¶ 8] In the past, we have had occasion to address the constitutionality of a consent to search given in the context of a bail bond and have found no inherent constitutional infirmity. *State v. Ullring*, 1999 ME 183, ¶ 12, 741 A.2d 1065, 1068. Felch acknowledges as much, but focuses his pri-

---

1. Title 15 M.R.S. § 1092(1)(A) (2006) provides:

 **1. Violation of condition of release.** A defendant who has been granted preconviction or postconviction bail and who, in fact, violates a condition of release is guilty of:

 A. A Class E crime; or

 . . . .

2. Felch was represented by the "lawyer of the day" at this proceeding but his previously appointed lawyer followed up thereafter.

3. The preamble to the District Court's Order states "[a]ssuming for the sake of argument [that the Defendant's facts are correct....]."

mary challenge upon the provisions of 15 M.R.S. § 1026(4) (2006) which refer to "an interview with the defendant" as one of the factors which a court properly considers when applying the criteria for setting bail as provided in the Maine Bail Code.[4] He asserts that he was not properly "interviewed" by the court before the conditions were imposed.

 [¶ 9] We review the legal constitutional conclusions of the trial court on a motion to dismiss de novo. *See Ullring,* 1999 ME 183, ¶ 8, 741 A.2d at 1067 (we review the legal conclusions of the trial court on a motion to suppress de novo). We assume, in the absence of evidence to the contrary, that a bail condition by a judicial officer is reasonable unless the defendant who challenges the condition presents evidence showing that it is unreasonable. *Id.* ¶ 26, 741 A.2d at 1073. The record reflects that Felch failed to seek the remedies available to him for the express purpose of relief for any unreasonable bail conditions. He did not attempt to revoke his agreement to the conditions; he did not seek reconsideration of the conditions; he did not file a motion for review of bail conditions; and he did not undertake any manner of appeal. On the contrary, while represented by counsel,[5] he signed the bail bonds and proceeded upon his way until his subsequent behavior violated the terms of the bonds. Only then did he belatedly complain of the conditions in the form of a motion to dismiss. Felch's objections to the conditions of his bail were too late. Accordingly, we conclude that the court acted properly in denying his motions to dismiss.

The entry is:

Judgment affirmed.

---

4. Title 15 M.R.S. § 1026(4) (2006) provides, in pertinent part:

> **Factors to be considered in release decision.** In setting bail, the judicial officer shall, on the basis of an interview with the defendant, information provided by the defendant's attorney and information provided by the attorney for the State or an informed law enforcement officer if the attorney for the State is not available and other reliable information that can be obtained, take into account the available information concerning the following:
>
> . . . .

5. His appointed lawyer was not actually present at the bail hearings but represented him throughout these proceedings and was apparently sufficiently apprised of the conditions to file the motions to dismiss.